UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LELONE TUCKER, et al.,            Case No. 1:18-cv-821

    Plaintiffs,

                                     Dlott, J.
    vs.                               Bowman, M.J.

SPRINGFIELD TOWNSHIP POLICE DEPT, *et al.,*

    Defendants.

**REPORT AND RECOMMENDATION**

On June 10, 2019, Defendant filed a motion for judgment on the pleadings. Plaintiff failed to timely respond to the motion. Thereafter, the Court Ordered Plaintiff to show cause why Defendants motion should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 18). Plaintiff timely responded to the Show Cause order and was granted an extension of time until September 20, 2009 to Defendants motion. The Order also put Plaintiff on notice that no further extensions of time shall be granted. Failure to file opposition to Defendant's motion shall result in a Report and Recommendation to the District Judge that the Defendant's motion for judgment on the pleadings be granted. The time deadline set for in the Court order has passed with a responsive filing by Plaintiff.

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules

1

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, the undersigned finds that Defendant's motion to dismiss (Doc. 15) should be granted, and Plaintiff's claims against the Springfield Township Police Department be dismissed for the reasons stated in the pending motion. In addition, Plaintiff's claims against this Defendant should be dismissed based upon Plaintiff's failure to comply with the Court's "show cause" order and failure to prosecute this matter.

Plaintiff's claims against Defendant Elmwood Fire department are also properly dismissed. Notably, on May 9, 2019, the undersigned ordered Plaintiff to provide a valid service address and completed service forms to the Court for reissuance of service of the complaint upon Defendant Elmwood Fire Department (Doc. 13). Plaintiff ultimately complied with this Order, insofar as providing completed service forms with a new address for Elmwood Fire Department. The new address provided by Plaintiff specified service of the Complaint upon "Cincinnati Fire Department, Station 2, 18 E. Seymour Ave, Cincinnati, OH 45216." On June 28, 2019, the Court ordered reissuance of service of the complaint by the Clerk of Court (Doc. 16).

On August 12, 2019, service of the complaint was once again returned unexecuted (doc. 21). Upon review, it appears that service of the complaint was initially accepted by the Cincinnati Fire Department on July 25, 2019, however, it was subsequently returned to the United States Marshals Service with a note specifying that process should be directed to the "Elmwood Fire Department" and not the "Cincinnati Fire Dept. Engine 2."

Thereafter, on August 13, 2019 Plaintiff was ordered to provide a valid service address to the Court for this Defendant within thirty (30) days of the date of this Order.

Plaintiff was also put on notice that failure to comply with this Order may result in the undersigned issuing and Report and Recommendation to the assigned district judge recommending dismissal of Defendant Elmwood Fire Department for failure to prosecute. To date, Plaintiff has not provided a valid address for Defendant Elmwood Place Fire Department.

Plaintiff's failure to prosecute this matter and to obey an Order of the Court warrants dismissal of this case pursuant to Fed.R.Civ.P. 41(b) as to the Elmwood Fire Department. *See Jourdan v. Jabe*, 951 F.2d 108, 109–10 (6th Cir.1991). District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan*, 951 F.2d at 109. Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Accordingly, Plaintiff's claims against Defendant Elwood should be dismissed based upon Plaintiff's failure to comply with the Court's "show cause" order and failure to prosecute this matter.

In light of the foregoing, it is herein **RECOMMENDED** that Springfield Township Police Department's motion for judgment on the pleadings (Doc. 15) be **GRANTED**; and Plaintiff's claims against Defendants Springfield Township Police Department and Elmwood Fire Department be **DISMISSED** for lack of prosecution. Additionally, after being inadvertently served with the complaint in this matter, the City of Cincinnati Fire Department filed a motion requesting an order from this Court clarifying that it is not a

4

Defendant in this case. In light of the recommendation that this matter be dismissed, the City's motion (Doc.26) is **DENIED as MOOT**. As no further matters remain pending, it is further **RECOMMENDED** that this matter be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LELONE TUCKER, et al.,  Case No. 1:18-cv-821

    Plaintiffs,

    vs.  Dlott, J.
        Bowman, M.J.

SPRINGFIELD TOWNSHIP POLICE DEPT, *et al.,*

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).