**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LELONE TUCKER, et al., | Case No. 1:18-cv-821 |
| Plaintiff, | |
| vs. | Black, J.<br>Bowman, M.J. |
| SPRINGFIELD TOWNSHIP POLICE DEPT., et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION AND ORDER**

This matter is also before the Court for a *sua sponte* review of the amended complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

**I.    Background and Procedural History**

On November 26, 2018, Plaintiff, proceeding pro se, filed this lawsuit on behalf of herself and her son Jermaine Tucker, listing several allegations under 42 U.S.C. § 1983, all in connection with a fatal car accident involving her son on September 20, 2017. Namely, Plaintiff alleges, *inter alia,* that a Springfield Township Police officer caused the car accident and the Fire Department failed to timely render aid and remove his body from the car. The original complaint named as defendants; Elmwood Fire Department, Hamilton County Coroner, and Springfield Township Police Department. (Doc. 4).

Hamilton County Coroner and the Springfield Township Fire Department were dismissed from this action. (Docs. 27, 33).

To date, proper service has not been effectuated on the remaining defendant. Notably, this litigation also has a long history of Plaintiff's attempts and failures at perfecting service of the Complaint upon Defendant Elmwood Fire Department (see docs. 12, 13, 16, 21, 22, 23). Plaintiff's pro se complaint names the Elmwood Fire Department as a Defendant but states that the address for said Elmwood Fire Department is 18 Seymore Avenue, Cincinnati Ohio. However, a City of Cincinnati fire station is actually located at 18 Seymore Avenue. It appears that an "Elmwood Place Fire Department" is located at 301 Oak Street, Elmwood Place, OH 45216, though it is unclear if this is the fire department that Plaintiff intended to name as a Defendant as its name is "Elmwood Place Fire Department" and not "Elmwood Fire Department". Each of the three times that Plaintiff has attempted to serve the complaint on the fire department she has sent it to the 18 Seymore Avenue address.

Given Plaintiff's pro se status and the latitude given to pro se litigants, Plaintiff was ordered to (1) serve Elmwood Fire Department at its proper address (which is not 18 Seymore Avenue) OR (2) file an amended complaint naming only the City of Cincinnati as a Defendant. (Doc. 34). On March 6, 2020, Plaintiff filed an amended complaint naming as defendants Springfield Township and Carthage Fire Department. (Doc. 36).

The claims against Springfield Township were stricken from the amended complaint because they were previously dismissed from this action. (Doc. 37). The Court also ordered the United States Marshal to serve a copy of the amended complaint, summons, and the Order granting leave to proceed in forma pauperis (Doc. 3) upon

Defendant Carthage Fire Department, Station 2, as directed by Plaintiff. *Id.* The summons was returned unexecuted as to Carthage Fire Department. (Doc. 40).

Due to the confusion as to who the proper Defendant is in this case, the City of Cincinnati filed a motion to clarify, which was granted. (Doc. 26). Namely, Cincinnati Fire Department- Station 2 is located in Carthage at 18 Seymour Avenue. Thus, while in the neighborhood of Carthage the station is located in the City of Cincinnati. Thus, it appears that the City of Cincinnati is the proper defendant in this action. However, Plaintiff has not named the City of Cincinnati as a defendant in this case.

Thereafter, on September 30, 2020, following a phone conference to address service of the complaint on the unserved Defendants, the Court issued an Order clarifying that the City of Cincinnati was not a party in this case. (Doc. 42). The Court further ordered Plaintiff to submit evidence that she timely submitted her response in opposition to Defendant Springfield Township Police Department's motion for Judgment on the Pleadings to the Clerk of Court within 21 days. *Id.* The Court's Order also noted Plaintiff's obligation to properly name and effectuate service of the amended complaint on the Defendants in this matter. Id.

Thereafter, Plaintiff filed an amended complaint naming Springfield Township Police Department and the City of Cincinnati, Fire Department as Defendants. (Doc. 43). As noted above, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the amended complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may

be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

## II. Analysis

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's amended complaint generally reiterates the facts and allegations contained in the original complaint relating to the fatal car accident involving her son on September 20, 2017. Namely, Plaintiff alleges, *inter alia,* that the car accident was

5

caused by a police chase and that the fire department failed to timely render aid and remove his body from the car. The amended complaint names Springfield Township Police Department and the City of Cincinnati, Fire Department as Defendants. (Doc. 43).

However, as noted above, Plaintiff's claims against Defendant Springfield Township Police Department were dismissed for failure to comply with the Court's show cause order and failure to prosecute. (Doc. 28 at 2). The undersigned recognizes that at the September 23, 2020 status conference Plaintiff reported that she submitted a response to Defendant Springfield Township Police Department's motion by the September, 20, 2019 deadline. In light of this representation, Plaintiff was ordered to submit evidence of this filing to the Clerk of Court within 21 days of the September 23, 2020 conference. (See Doc. 42). The Court also noted that Plaintiff may also file a motion for reconsideration of the Court's order dismissing Defendant Springfield Township Police Department. To date, however, Plaintiff has not submitted evidence that she timely responded to Springfield Township's motion to dismiss nor has she filed a motion for reconsideration. As such, Springfield Township was properly dismissed from this action. Accordingly, Plaintiff's attempt to re-name Springfield Township Police Department as a Defendant is not well-taken. Furthermore, Plaintiff has failed to state a claim against Michael A. Flamm. Mr. Flamm is noted on the amended complaint along with the Springfield Township Police Department. However, there are no allegations as to any wrongdoing by Mr. Flamm.

In addition, liberally construed, Plaintiff has stated civil rights claims under 42 U.S.C. § 1983 against the City of Cincinnati Fire Department. At this juncture, plaintiff's claims against the City of Cincinnati may proceed.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against Springfield Township Police Department be **DISMISSED with PREJUDICE**.  It is further recommended that Plaintiff's claims against Michael Flamm be dismissed for failure to state a claim.

## IT IS THEREFORE ORDERED THAT:

1. The Clerk of Court shall issue a summons to the City of Cincinnati as the address listed by Plaintiff in the Amended Complaint (Doc. 43).

2. The United States Marshal shall serve a copy of the amended complaint (Doc 43), summons, the separate Order granting *in forma pauperis* status (Doc. 3), and this Report and Recommendation and Order upon defendant City of Cincinnati Fire Department.  All costs of service shall be advanced by the United States.

3. Plaintiff shall serve upon the defendant or, if appearance has been entered by counsel, upon the defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LELONE TUCKER, et al.,

    Plaintiff,

        vs.

SPRINGFIELD TOWNSHIP
POLICE DEPT., et al.,

    Defendants.

Case No. 1:18-cv-821

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8