UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LELONE TUCKER, et al.,

    Plaintiff,

    vs.

SPRINGFIELD TOWNSHIP
POLICE DEPT., et al.,

    Defendants.

Case No. 1:18-cv-821

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On November 26, 2018, Plaintiff, proceeding pro se, filed this lawsuit on behalf of herself and her son Jermaine Tucker, listing several allegations under 42 U.S.C. § 1983, all in connection with a fatal car accident involving her son on September 20, 2017. (Doc. 4). This civil action is now before the court on Defendant's motion to dismiss for failure to state a claim (Doc. 50) and the parties responsive memoranda. (Docs. 55, 56).

Upon initial screening, the court dismissed all claims against the Defendants named in the original complaint. (Doc. 27; Doc. 33). Thereafter, Plaintiff was ordered to file an amended complaint naming the City of Cincinnati as a Defendant. (Doc. 34). The amended complaint, however, named Springfield Township Police Department and Carthage Fire Department as defendants. (Doc. 36). Plaintiff filed another amended complaint on October 7, 2020. (Doc. 43). The amended complaint named City of Cincinnati, Springfield Township Police Department, City of Cincinnati Fire Department, and Michael A. Flamm as defendants. The court recommended that the claims against Springfield Township Police Department and Michael A. Flamm be dismissed. (Doc. 44).

Plaintiff's alleged claims against Defendant City of Cincinnati are as follows: "Springfield Township caused the death of my son," "there was improper care of a corpse," "they mistreated my son. My son could still have been alive. I feel that there was neglect." Plaintiff does not directly reference Defendant City of Cincinnati in her complaint. (Doc. 43).

On January 29, 2021, Defendant City of Cincinnati filed a motion to dismiss for failure to state a claim. (Doc. 50). Notably, Defendant claims that Plaintiff's complaint should be dismissed for the following reasons: (1) Plaintiff has not alleged facts sufficient to sustain a claim against them; (2) this court lacks subject matter jurisdiction over Plaintiff's claims; (3) Defendant city of Cincinnati has immunity under O.R.C. § 2744; (4) Plaintiff has failed to state a claim for municipal liability under 42 U.S.C. § 1983; and (5) Plaintiff has failed to allege that she is her son's "personal representative" and, therefore, is not entitled to bring a wrongful death claim. (Doc. 50).

Plaintiff failed to file a timely response to Defendant's motion to dismiss.  As a result, the Court ordered Plaintiff to show cause, in writing on or before March 23, 2021, why the City of Cincinnati Fire Department's motion to dismiss should not be construed as unopposed and granted for the reasons stated in the motion. (Doc. 52). Plaintiff timely responded to the Show Cause Order, however, Plaintiff's response failed to address the arguments put forth by Defendant.

Thereafter, the Court rescinded the prior Show Cause Order and granted Plaintiff a final 45-day extension to file a formal opposition to Defendants motion to dismiss.  (Doc. 54). Plaintiff subsequently filed a response in opposition to Defendant's motion to dismiss (Doc. 55).  Plaintiff's response, however, fails to address or rebut any of the arguments

raised in Defendants motion to dismiss. In this regard, Plaintiff has failed to provide any reason why Defendant's motion should not be construed as unopposed and granted for the reasons stated therein.

Having reviewed Defendant's motion, the undersigned finds the motion is well-taken for the reasons stated therein and that Plaintiff's complaint fails to state a claim upon which relief may be granted. For the foregoing reasons, it is **RECOMMENDED** that Defendant City of Cincinnati's motion to dismiss (Doc. 50) be granted, and Plaintiff's claims against it **DISMISSED** for the reasons stated above.

      *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| LELONE TUCKER, et al., | Case No. 1:18-cv-821 |
| Plaintiff, | |
| vs. | Black, J. |
| | Bowman, M.J. |
| SPRINGFIELD TOWNSHIP POLICE DEPT., et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).