# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| LELONE TUCKER, | : | Case No. 1:18-cv-821 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| SPRINGFIELD TOWNSHIP POLICE DEPARTMENT, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORTS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 44, 57)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on December 9, 2020 and July 19, 2021, submitted Reports and Recommendations. (Docs. 44, 57). Plaintiff filed an objection to the first Report and Recommendation. (Doc. 51). Plaintiff did not submit objections to the second Report and Recommendation, and the time for filing objections has since expired.[1]

---

[1] On August 23, 2021, the copy of the second Report and Recommendation sent to Plaintiff was returned to the Clerk's office as undeliverable. The allegations in Plaintiff's complaint are tragic. However, the Court is under no obligation to track down Plaintiff to preserve her lawsuit. Plaintiff has been repeatedly warned that certain defendants and her claims may be dismissed for failing to timely respond and for failing to comply with this Court's orders. Moreover, the Magistrate Judge, on at least two occasions, ordered Plaintiff that she must inform the Court promptly of any changes in address that may occur during the pendency of the lawsuit. (*See* Docs. 16, 23).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter.  Upon consideration of the foregoing, the Court finds that the Reports and Recommendations should be and are hereby adopted in the entirety.

Plaintiff LeLone Tucker filed this lawsuit *pro se* on behalf of herself and her son Jermaine, in connection with a fatal car accident involving her son on September 20, 2017.  The facts, as alleged by Plaintiff, state that Jermaine was a passenger in a car that was chased by police and crashed.  According to the complaint, Jermaine's body was not found until eight hours after the car was impounded after the incident.  (Doc. 43).

Plaintiff's original complaint, filed November 26, 2018, was brought against the Elmwood Fire Department, Hamilton County Coroner, and Springfield Township Police Department.  (Doc. 4).  The Hamilton County Coroner filed a motion to dismiss (Doc. 7), to which Plaintiff did not respond.  The Magistrate Judge then issued an Order to Show Cause why the motion should not be construed as unopposed and granted.  (Doc. 11).  Plaintiff did not respond to that Order.  On December 3, 2019, the undersigned, when adopting a Report and Recommendation, dismissed the Hamilton County Coroner. (Docs. 25, 27).

The Springfield Township Police Department filed a motion for judgment on the pleadings (Doc. 15), to which Plaintiff did not respond.  The Magistrate Judge then issued an Order to Show Cause why the motion should not be construed as unopposed and granted.  (Doc. 18).  Plaintiff responded to the Order to Show Cause, and the Magistrate Judge granted Plaintiff an extension of time to file a response to the

Springfield Township Police Department's motion. (Docs. 19, 20). Plaintiff did not respond or otherwise oppose the motion for judgment on the pleadings. On February 11, 2019, the undersigned, when adopting a Report and Recommendation in part, dismissed the Springfield Township Police Department. (Docs. 28, 33).

Plaintiff had multiple issues serving the Elmwood Fire Department. (*See* Docs. 28, 33 (describing attempts at service)). Eventually, it became clear that Plaintiff was either serving the Elmwood Fire Department at the incorrect address, or incorrectly named the Elmwood Fire Department instead of the City of Cincinnati Fire Department. Thus, on February 20, 2020, the Magistrate Judge granted Plaintiff leave to either: (1) serve the Elmwood Fire Department at the proper address; or (2) file an amended complaint. (Doc. 33). On March 6, 2020, Plaintiff filed her first amended complaint, naming the Springfield Township Police Department (again) and the Carthage Fire Department Station 2; thus, abandoning any claims against the Elmwood Fire Department. (Doc. 36).

The Magistrate Judge struck the Springfield Township Police Department, since any claims against it had already been dismissed with prejudice, and ordered the Carthage Fire Department to be served. (Doc. 37). The summons issued to the Carthage Fire Department was returned unexecuted. (Doc. 40).

On September 23, 2020, the Magistrate Judge held a teleconference to discuss the service issues, at which conference Plaintiff appeared *pro se*. (Doc. 41). Following the conference, the Magistrate Judge issued an Order, granting Plaintiff twenty-one days to either: (1) submit evidence that she did timely respond to the Springfield Township

Police Department's motion for judgment on the pleadings, discussed *supra*; and/or (2) file a motion for reconsideration. (Doc. 42). The Magistrate Judge also reminded Plaintiff that it remained her obligation to properly name and effectuate service on the defendants in the matter. (*Id.*)

Plaintiff did not file evidence or a motion for reconsideration. Instead, on October 7, 2020, Plaintiff filed her second amended complaint against the City of Cincinnati Fire Department, the Springfield Township Police Department (again), and Michael A. Flamm. (Doc. 43). This complaint abandoned any claims against the Carthage Fire Department. (*Id.*) The Court considers this to now be the operative complaint.

Plaintiff's second amended complaint prompted the two Reports and Recommendations at issue in this Order. The first Report, submitted December 9, 2020, recommends that the claims against the Springfield Township Police Department be dismissed with prejudice and the claims against Michael Flamm be dismissed for failure to state a claim. (Doc. 44). Plaintiff objected to this Report, stating that she had more evidence in support of her claims. (Doc. 51). However, Plaintiff does not detail what this evidence is, nor does Plaintiff otherwise respond to the deficiencies described in the Report. Accordingly, Plaintiff's objection is overruled. Plaintiff's claims against the Springfield Township Police Department remain dismissed. Plaintiff's claims against Michael Flamm are dismissed for failure to state a claim.

The second Report, submitted July 19, 2021, recommends that the City of Cincinnati Fire Department's motion to dismiss (Doc. 50) be granted, and Plaintiff's claims against it dismissed for failure to state a claim. (Doc. 57). Plaintiff did not submit

any objections to this second Report.  The Court has reviewed the second Report, is satisfied that there is nothing clearly erroneous or contrary to law on the face of the record, and accepts the Magistrate Judge's recommendations.  Fed. R. Civ. P. 72.  Plaintiff's claims against the City of Cincinnati Fire Department are dismissed.  Upon dismissal of Plaintiff's claims against the City of Cincinnati Fire Department, no defendants remain in this case and this action will be terminated.

Accordingly, for the reasons stated above:

1. The Reports and Recommendations (Doc. 44, 57) are **ADOPTED**;

2. Plaintiff's objection (Doc. 51) is **OVERRULED**;

3. Plaintiff's claims against Springfield Township Police Department remain **DISMISSED with prejudice**;

4. Defendant City of Cincinnati Fire Department's motion to dismiss (Doc. 50) is **GRANTED**;

5. Plaintiff's claims against Michael Flamm and the City of Cincinnati Fire Department are **DISMISSED** for failure to state a claim;

6. There being no remaining defendants in this action, the Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

Date:  9/14/2021

s/Timothy S. Black
Timothy S. Black
United States District Judge